**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **Jim Havens, Individually and on behalf of ROC Love Will** | ) |
| **End Abortion, an unincorporated association,** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) No. |
| | ) |
| **Letitia A. James, Attorney General of the State of New York,** | ) |
| **in her official capacity as Attorney General of the State of** | ) |
| **New York, and the City of Rochester, New York,** | ) |
| **Defendants.** | ) |

---

**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF**

Plaintiffs Jim Havens, individually and on behalf of ROC Love Will End Abortion, an unincorporated association, as and for their Complaint, state as follows.

**PRELIMINARY STATEMENT**

1. Plaintiffs **Jim Havens**, individually and on behalf of **ROC Love Will End Abortion**, an unincorporated association of Rochester area residents (collectively "Plaintiffs"), pray and counsel abortion-minded women at the Planned Parenthood abortion facility located at 114 University Avenue, Rochester, New York (hereinafter "Planned Parenthood").

2. Defendants **Letitia A. James**, Attorney General of the State of New York, on behalf of the People of the State of New York (hereinafter "OAG"), and the **City of Rochester**, New York, through its Department of Law (hereinafter the "City" or "Rochester"), notified Plaintiffs that the OAG and City consider them to be bound by an October 31, 2005 permanent injunction ("**the 2005 Injunction**") issued by this Court in 99-cv-209A, *People of the State of New York, et al., v. Operation Rescue, et al.* ("the Injunction Proceeding"). (A copy of the October 31, 2005 Order, and

the April 21, 2002 Modified Preliminary Injunction which it made permanent, is attached and incorporated herein as **Exhibit 1).**

3.     OAG and the City have taken the position that the 2005 Injunction prohibits Plaintiffs from entering the public sidewalk within 15 feet of the entrance of the Rochester Planned Parenthood facility.  See Exhibit 1, 2005 Injunction at ¶1(G).  Plaintiffs seek the Court's declaration that they are not "persons bound" by the 2005 Injunction, as defined in Fed. R. Civ. P. 65(d)(2), because the Plaintiffs (a) were not parties in the original injunction proceeding, 99-cv-209A; (b) were not, and are not, "officers, agents, servants, employees or attorneys" of any parties to that proceeding; and (c) were not, and are not, acting "in active concert or participation with" any of the foregoing. Plaintiffs also seek an injunction prohibiting the Defendants from restricting Plaintiffs' exercise of their First Amendment rights based on Defendants' threatened enforcement of the 2005 Injunction against them.

## JURISDICTION AND STANDING

3.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(a)(3).

4.     This action seeks to vindicate federal free speech and assembly rights guaranteed by the First Amendment of the U.S. Constitution, and as protected in 42 U.S.C. §1983.

5.     This action for declaratory and injunctive relief is authorized by 28 U.S.C. §§2201 and 2202, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

6.     Venue in this District is proper under 28 U.S.C. §1391(b)(1) and (2).  Plaintiff Jim Havens resides in this District. The persons comprising Plaintiff, ROC Love Will End Abortion, an unincorporated association, reside in this District.  Defendant City of Rochester is located in this District and a substantial part of the events or omissions giving rise to the claims asserted occurred in this District.

7.      Plaintiffs are "interested part[ies]" under the Declaratory Judgment Act, 28 U.S.C. §2201 because, on September 21, 2018, the Deputy Corporation Counsel of the City of Rochester, New York, and the Assistant Attorney General of the OAG, informed Plaintiff Jim Havens ("Havens") in writing that the City and OAG consider him and the organization he leads (then called ROC Sidewalk Advocates for Life) to be bound by the 2005 Injunction and that they "are expected to abide by the 2005 injunction and to respect the 15-foot buffer zone surrounding all entrances and exits to the University Avenue Planned Parenthood."

8.      Plaintiffs have complied with, and continue to comply with, the restrictions placed upon them by the City and OAG pending the Court's resolution of the issues raised by this Complaint.

9.      Plaintiffs reasonably believe that if they fail to comply with the directives of the City and OAG the latter will arrest and prosecute them for contempt of the 2005 Injunction Order.

## PARTIES

10.      Plaintiff **Jim Havens** is a resident of the Rochester area in the State of New York.

11.      In 2017 Havens began to engage in peaceful witnessing, counseling, praying, and other non-violent forms of speech and assembly on the public sidewalk outside of the Planned Parenthood abortion clinic located at 114 University Avenue, Rochester, New York (hereinafter "Rochester Planned Parenthood").

12.      Havens invited other persons to join him in his pro-life sidewalk activities on the public sidewalk at the Rochester Planned Parenthood facility.

13.      In October 2017 Havens formed an association of these individuals, initially calling the association ROC Sidewalk Advocates For Life. In 2019 Havens changed the name of the association to ROC Love Will End Abortion.

14.      **ROC Love Will End Abortion**, like its predecessor ROC Sidewalk Advocates For Life, is an unincorporated association consisting of pro-life individuals who witness, counsel and

3

pray with Havens on the public sidewalk at the Rochester Planned Parenthood facility.  ROC Love Will End Abortion has capacity to sue under New York law through its president, Jim Havens.

15.     Defendant **Letitia A. James** is the Attorney General of the State of New York.  She heads the Office of the Attorney General (OAG) and represents the People of the State of New York.  In September 2018 an attorney from her office informed the Plaintiffs that they must comply with the 2005 Injunction entered in *People of the State of New York, et al., v. Operation Rescue, et al.,* 99-cv-209A.  James is being sued only in her official capacity for the violation of the Plaintiffs' rights caused by the unlawful application of the 2005 Injunction to restrict Plaintiffs' First Amendment activity.

16.     The **City of Rochester, New York** is a municipality in New York.  The City is a proper defendant because members of the Department of Law and the Police Department have required Plaintiffs to comply with the 2005 Injunction at the direction of the City's Law Department.

## FACTUAL HISTORY

### The 2005 Injunction.

17.     In 1999 the People of the State of New York, by its Office of the Attorney General (hereinafter "OAG"), filed a complaint and motion for preliminary injunction in this Court (99-cv-209A) naming certain groups and individuals, and alleging violation of the Freedom of Access to Clinic Entrances, 18 U.S.C. § 248 and the New York State law of public nuisance and trespass.  (Docket Entry # 1).  A preliminary injunction was entered against many of those defendants on April 21, 2002.

18.     On October 31, 2005, the Court converted the preliminary injunction to a permanent injunction. Exhibit 1, 2005 Injunction, 1.

19.     The 2005 Injunction, by its terms, binds "the defendants; the officers, directors, agents, and representatives of defendants; [and] all other persons whomsoever, known or unknown,

acting in defendants' behalf or in concert with defendants. . . and receiving actual or constructive notice of this Order." **Exhibit 1**, 2005 Injunction, page 2.

20.     The 2005 Injunction prohibits the enjoined individuals and entities *inter alia* from "demonstrating, congregating, standing, sitting, or lying on, or posting or carrying signs, or being present within fifteen feet of either edge of any doorway, walkway or driveway entrance to" certain abortion clinics in the Western District of New York.  Exhibit 1**,** 2005 Injunction, ¶1(G).

21.     The enjoined individuals and entities are "further enjoined and restrained from inducing, directing, aiding or abetting in any manner, others to take any of the actions [enjoined]." Exhibit 1, 2005 Injunction, ¶4.

22.     A yellow line is painted across the public sidewalk on either side of the Rochester Planned Parenthood entrance to mark the 15-foot buffer zone imposed by the 2005 Injunction.

### Plaintiffs' Assembly and Free Speech.

23.     In 2017, after Havens and other individuals began to sidewalk counsel and pray at the Rochester Planned Parenthood, Havens secured training materials and other information from Sidewalk Advocates for Life ("SAFL"), a national sidewalk counseling support group.  Havens offered training to persons interested in sidewalk counseling.  The training covered various topics, including non-violent and non-confrontational methods of initiating conversations with abortion-minded women to discuss options other than abortion that they might want to consider.

24.     Plaintiffs regularly assemble at the Rochester Planned Parenthood facility to pray, sidewalk counsel, and engage in other non-violent forms of speech on the public sidewalk.

### Events Leading Up To The Filing of This Complaint.

25.     When Havens initially started praying and sidewalk counseling outside the Rochester Planned Parenthood he was unaware of the 2005 Injunction.

26.     Havens was not a party to the Injunction Proceeding, or named in the 2005 Injunction.

27.     When Havens began sidewalk counseling on the public sidewalk outside the Rochester Planned Parenthood facility he did not stay 15 feet away from its entrance.

28.     In the latter part of 2017, as more persons joined Havens, security guards at the Rochester Planned Parenthood facility began to tell Havens that a federal injunction required him and anyone who was with him to observe a 15-foot buffer zone on the public sidewalk that was imposed by the 2005 Injunction.

29.     Havens asked for and was given a copy of the 2005 Injunction by the security guards.

30.     Havens reviewed the 2005 Injunction and told the security guards that he did not understand how the 2005 Injunction could apply to him and to others with him who were not named as defendants in it.

31.     Several times from late 2017 through mid 2018, Rochester Planned Parenthood security guards called the Rochester Police Department, complaining that Plaintiffs were violating the 15-foot buffer zone imposed by the 2005 Injunction.  On these occasions, the Rochester Police, after visiting and consulting with Havens, agreed that Havens and those who were counseling and praying with him, since they were not named in the 2005 Injunction, were not bound by it.

32.     However, in June 2018, the Rochester Police Department's position changed. The change, upon information and belief, was occasioned by a meeting between the Rochester Police Department and Rochester Planned Parenthood.  After the meeting, Rochester Police Department Captain David Smith ("Captain Smith") verbally informed Havens that the 2005 Injunction applied to him and other members of the group, and that they were required to comply with the 15-foot buffer zone imposed by the 2005 Injunction.

33.     Havens and ROC Love Will End Abortion complied with the Rochester Police Department's directive.

34.     After his conversation with Captain Smith, Havens retained counsel, which sent the City a letter explaining why Havens and members of his group (then called ROC Sidewalk Advocates For Life) were not bound by the 2005 Injunction.

35.     The City responded, by letter of September 6, 2018, that "[s]o long as police do not have reason to believe that Mr. Havens and his organization are acting in concert with any named defendants, they will not be subject to the 15-foot buffer zone."

36.     Havens understood the City's letter to permit him and members of his association to disregard the 15-foot buffer zone.

37.     The 15-foot buffer zone is very burdensome on the ability of Havens and ROC Love Will End Abortion to reach out to abortion-minded women who approach the Rochester Planned Parenthood. Havens and the sidewalk counselors are unable, because of the buffer zone, to have an intimate conversation in close proximity with a woman who is willing to talk to them following their offer to discuss her abortion decision and possible alternatives to it.  Having to converse from 15 feet away is counterproductive to their ability to communicate effectively.

38.     Havens is aware of two other individuals, Michael McBride and Robert Pokalsky, who do sidewalk counseling at the Rochester Planned Parenthood and who were defendants in the Injunction Proceeding and named in the 2005 Injunction.  After consulting with counsel, Havens informed them that, as named defendants in the 2005 Injunction, they are bound by the 2005 Injunction.

39.     Two weeks later, on September 21, 2018 the City sent Havens' counsel another letter:

> [T]he City, along with the New York State Attorney General's Office, has reviewed evidence demonstrating that your clients, Jim Havens and his organization ROC Sidewalk Advocates for Life, are in fact acting in concert with

several of the defendants in that action. Accordingly, effective immediately, Mr. Havens and ROC Sidewalk Advocates for Life are expected to abide by the 2005 injunction and to respect the 15-foot buffer zone surrounding all entrances and exits to the University Avenue Planned Parenthood.

40.     The September 21, 2018 letter did not name the defendants with whom, according to the City and OAG, the Plaintiffs were acting in concert.

41.     On September 24, 2018 Havens requested to know with whom the City and OAG claimed he and his organization were acting in concert.

42.     Sandra Pullman, Assistant Attorney General of the OAG, and Lourdes Rosado, Bureau Chief of the Civil Rights Bureau of the OAG, on September 28, 2018 wrote:

> I write in response to your letter of September 24, 2018, asking us to advise you which defendants in *New York, et al. v. Operation Rescue National*, *et al.*, 99-cv-209A (WDNY) we assert your clients are acting in concert with.
>
> In your original letter of August 7, 2018, you claimed that Michael McBride and Robert Polasky were "the only two individuals [your clients] know of who are named in the injunction." We have since reviewed evidence demonstrating that your clients have coordinated their activities with Mary Melfi and Rescue Rochester, both of whom are named in the 2005 permanent injunction the above-referenced case.

43.     About this time a news reporter further informed Havens that the reporter had been informed by the OAG's office that the specific evidence the OAG possessed was:

> a.     "A Facebook post by Rescue Rochester (one of the original defendants named in the 2005 order) promoting training by Jim Havens and Sidewalk Advocates at the Focus Pregnancy Help Center (which is run by Mary Jost [formerly Melfi], another one of the original defendants named in the 2005 order)."
>
> b.     "A Facebook post by Jim Havens promoting a training at Focus Pregnancy Help Center."
>
> c.     "A mailing from Rescue Rochester urging its members to join Jim Havens and Sidewalk Advocates for Life at their monthly protest outside Planned Parenthood on University Avenue."
>
> d.     "A screenshot of the Focus Pregnancy Help Center's website promoting a Jim Havens and Sidewalk Advocates for Life protest outside Planned Parenthood on University Avenue."

**McBride and Pokalsky**

44.      Havens is aware that Michael McBride ("McBride") and Robert Polasky (correct spelling "Pokalsky") ("Pokalsky") were named in the 2005 Injunction.

45.      Plaintiffs Havens and ROC Love Will End Abortion are not officers, agents, servants, employees, or attorneys of McBride or Pokalsky.  McBride and Pokalsky are not officers, agents, servants, employees, or attorneys of Havens or ROC Love Will End Abortion or its predecessor ROC Sidewalk Advocates For Life.

46.      Plaintiffs Havens and ROC Love Will End Abortion have not acted in concert or participation with either McBride or Pokalsky, or with any of their officers, agents, servants, employees, or attorneys, for the purpose of aiding or abetting them to violate the 2005 Injunction.

47.      Havens is unaware that either McBride or Pokalsky have violated the 2005 Injunction.

**Mary Jost**

48.      Havens is aware that Mary Jost ("Jost") is named (as Mary Melfi) in the 2005 Injunction.  Havens does not know whether Jost does any sidewalk counseling, but she does not do so as part of his association. On information and belief, Jost participates in a pregnancy center called "Focus Pregnancy Help Center," which is located near the Rochester Planned Parenthood facility.  Focus Pregnancy Help Center has hosted training conducted by Havens for sidewalk counselors at its facilities.

49.      Plaintiffs Havens and ROC Love Will End Abortion are not officers, agents, servants, employees, or attorneys of Jost. Jost is not an officer, agent, servant, employee, or attorney of Havens or ROC Love Will End Abortion or its predecessor ROC Sidewalk Advocates For Life.

50.      Plaintiffs Havens and ROC Love Will End Abortion have not acted in concert or participation with Jost, or with any of her officers, agents, servants, employees, or attorneys, for the purpose of aiding or abetting any of them to violate the 2005 Injunction.

51.      Havens is unaware that Jost has ever violated the 2005 Injunction.

**Rescue Rochester**

52.     Havens is aware that Rescue Rochester is named in the 2005 Injunction.

53.     Havens is aware that Mike Warren ("Warren") is the leader of Rescue Rochester, and that Warren does sidewalk counseling at Rochester Planned Parenthood. After consulting with counsel, Havens told Warren that the 2005 Injunction binds him and he must comply with it.

54.     Plaintiffs, Havens and ROC Love Will End Abortion, are not officers, agents, servants, employees, or attorneys of Warren or Rescue Rochester.  Warren and Rescue Rochester are not officers, agents, servants, employees, or attorneys of Havens or ROC Love Will End Abortion or its predecessor ROC Sidewalk Advocates For Life.

55.     Plaintiffs Havens and ROC Love Will End Abortion have not acted in concert or participation with Rescue Rochester, or with any of its officers, agents, servants, employees, or attorneys, for the purpose of aiding or abetting any of them to violate the 2005 Injunction.

56.     Havens is unaware that Rescue Rochester or Mike Warren as its leader has violated the 2005 Injunction.

**The Other Defendants Named in the 2005 Injunction**

57.     Havens and ROC Love Will End Abortion have not served as officers, agents, servants, employees, or attorneys of any defendant named in the 2005 Injunction. No other defendants named in the 2005 Injunction are officers, agents, servants, employees, or attorneys of Havens or ROC Love Will End Abortion or its predecessor ROC Sidewalk Advocates For Life.

58.     Havens and ROC Love Will End Abortion have not acted in concert or participation with any of the defendants named in the 2005 Injunction, or with any of their officers, agents, servants, employees or attorneys, for the purpose of aiding or abetting any of them to violate the 2005 Injunction.

## CAUSE OF ACTION

## DEFENDANTS ARE VIOLATING PLAINTIFFS' RIGHTS
## UNDER THE UNITED STATES CONSTITUTION.

59.     Plaintiffs incorporate in Paragraphs 1-58 of the Complaint as though fully set forth herein.

60.     Fed. R. Civ. P. 65(d)(2) provides that an injunction order, "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."

61.     Plaintiffs were not parties in the underlying Injunction Proceeding.  *See* Fed. R. Civ. P. 65(d)(2)(A).

62.     The Plaintiffs have not served as "officers, agents, servants, employees [or] attorneys" of any of the parties in the underlying Injunction Proceeding.  *See* Fed. R. Civ. P. 65(d)(2)(B).

63.     Plaintiffs have not acted "in active concert or participation" with any of the parties in the underlying Injunction Proceeding, or with their "officers, agents, servants, employees, [or] attorneys."  *See* Fed. R. Civ. P. 65(d)(2)(C).

64.     Specifically with respect to Fed. R. Civ. P. 65(d)(2)(C), a non-party is bound only when the non-party aids and abets an enjoined party (or the party's "officers, agents, servants, employees, [or] attorneys") in violating an injunction through the non-party's "active concert or participation" with such enjoined party (or the enjoined party's officers, agents, servants, employees, or attorneys).  *Alemite Mfg. Corp. v. Staff,* 42 F.2d 832, 833 (2d. Cir. 1930); *United Pharmacal Corp. v. United States*, 306 F.2d 515, 517-18 (1st Cir. 1962).

65.     Therefore, a non-party not identified with a party under Rule 65(d)(2)(B) is not bound by an injunction pursuant to Rule 65(d)(2)(C) if an enjoined party (or the enjoined party's

officers, agents, servants, employees or attorneys) has not violated the injunction at issue.

66.     To Havens' knowledge, the City and OAG have not claimed that a named party defendant in the 2005 Injunction Proceeding (or an enjoined party's officer, agent, servant, employee or attorney) has violated, or is violating, the 2005 Injunction.

67.     Therefore, the OAG and City have no basis for claiming that Havens or ROC Love Will End Abortion has acted in "concert or participation" with an enjoined party.

68.     Plaintiffs are not "persons bound" by the 2005 Injunction pursuant to Fed. R. Civ. P. 65(d)(2), and are not required to comply with it.

69.     Defendants' actions in enforcing the 2005 Injunction against the Plaintiffs denies their right to assemble and speak freely on the public sidewalk, abridging their right of free speech and assembly in violation of the First Amendment of the U.S. Constitution.

70.     Defendants' abridgment of Plaintiffs' right of free speech and assembly on the public sidewalk at the Rochester Planned Parenthood facility has harmed the Plaintiffs.

71.     The Defendants' actions to abridge Plaintiffs' First Amendment rights to free speech and assembly are taken under color of state law and are a moving force behind the violation of the Plaintiffs' rights as described in this Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

1.     Declaring that the permanent injunction entered on October 31, 2005 in 99-cv-209A, *People of the State of New York, et al., v. Operation Rescue, et al. (WDNY)* does not bind Plaintiffs Havens, ROC Love Will End Abortion, or its members who are not: (1) named defendants in the 2005 injunction order; or (2) officers, agents, servants, employees or attorneys thereof; or (3) acting in concert or participation with a person or persons bound by the 2005 injunction order to aid and abet the person's or persons' violation of it.

2.     Enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, or any of them, from enforcing the October 31,

2005 permanent injunction order entered in 99-cv-209A, *People of the State of New York, et al., v. Operation Rescue, et al. (WDNY)* against Plaintiffs Jim Havens, ROC Love Will End Abortion, and its members.

       3.     Requiring Defendants to pay Plaintiffs' nominal damages, costs, and attorneys' fees pursuant to 42 U.S.C. § 1988.

       4.     Granting for such other relief as is just and proper.

Dated:  June 27, 2019

Respectfully submitted,

| | |
|---|---|
| Thomas Olp, Esq. | /s/ John T. Refermat |
| Thomas Brejcha, Esq. | Lacy Katzen LLP |
| Thomas More Society | The Granite Building, 130 East Main Street |
| A National Public Interest Law Firm | Mailing Address: P.O. Box 22878 |
| 309 W. Washington Street, Suite 1250 | Rochester, New York 14692-2878 |
| Chicago, Illinois 60606 | Tel.  585-324-5762 |
| Tel.  312-782-1680 | Fax: 585-269-3069 |
| Fax: 312 7821887 | jtr@lacykatzen.com |
| tolp@thomasmoresociety.org | |

Joan M. Mannix
Joan M. Mannix, Ltd.
135 South LaSalle Street, Suite 2200
Chicago, IL 60603
Tel. 312-521-5845
jmannix@joanmannixltd.com

*Attorneys for Plaintiffs*